UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS ROSARIO JR.,

                              Plaintiff,

          -against-

SANTANDER CONSUMER USA,

                              Defendant.

22-CV-10565 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action against Santander Consumer USA under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, and the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601-1667. He alleges that Defendant violated his rights in connection with a consumer loan for a vehicle, which has been repossessed.

By order dated December 15, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Carlos Rosario alleges the following facts. On September 17, 2018, at Performance Toyota, he entered into a contract for consumer credit with Santander Consumer USA. (ECF 2 at 5.) He was "misled" and "not provided with full disclosure." (*Id.*) On June 22, 2021, Plaintiff's vehicle was repossessed, but he was "able to recover [his] property." (*Id.*)

On February 11, 2022, Plaintiff sent Santander Consumer USA two letters by certified mail: a "debt validation letter," and a letter directing Santander Consumer USA to "cease and desist" unspecified actions, and offering it an "opportunity to cure." (*Id.*) On March 28, 2022, Plaintiff sent Santander Consumer USA and Performance Toyota, by certified mail, a "notice of

rescission," which he states was an exercise of his rights established by the TILA. On June 3, 2022, Plaintiff's vehicle was again repossessed, and he was "coerced into payment." (*Id.* at 6.) Plaintiff asserts that Santander Consumer USA violated his rights under the FDCPA.

Moreover, because Santander Consumer USA reported derogatory information to credit reporting agencies, Plaintiff was unable to secure an apartment. (*Id.*) Plaintiff also lost his job when his vehicle was repossessed because he had no means of transportation. (*Id.*)

Plaintiff seeks damages and to recover "all payments" that he made on the loan.

## DISCUSSION

### A.    Fair Debt Collection Practices Act

The FDCPA applies to consumer debt "arising out of . . . transaction[s] . . . primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); *Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 551 (S.D.N.Y. 2013) ("[T]he FDCPA is triggered when the obligation is a debt arising out of a consumer transaction"). The FDCPA prohibits those who qualify as "debt collectors" from using deceptive and misleading practices, 15 U.S.C. § 1692e, or engaging in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

The FDCPA defines a debt collector as: (1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector. 15 U.S.C. § 1692a(6); *See also Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718 (2017) ("Everyone agrees that the term [debt collector] embraces the repo man—someone hired by a creditor to collect an outstanding debt.").

Section 1692d provides examples of the type of conduct that the FDCPA prohibits, including violence, or threats of violence, or other criminal means; use of obscene or profane

language "the natural consequence of which is to abuse the hearer or reader"; the publishing of a list of consumers who refuse to pay debts; or "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass" the person called. 15 U.S.C. § 1692d.

Here, Plaintiff alleges that his car was repossessed twice and that Defendant Santander Consumer USA violated the FDCPA. These allegations, on their own, are insufficient to state a claim under the FDCPA. As an initial matter, it is not clear that Defendant is a debt collector within the meaning of the statute. It appears that Santander Consumer USA originated the loan. "[T]hose who seek only to collect for themselves loans they originated generally do not" qualify as debt collectors. *Henson*, 137 S. Ct. at 1721.

Moreover, Plaintiff has not pleaded any facts about what Defendant did or failed to do that violated the FDCPA. He does not allege, for example, that Defendant Santander Consumer USA continuously called him, threatened violence, published information that he had failed to pay his debt or did anything with the intent to harass, oppress, or abuse him, in violation of Section 1692d. Although Plaintiff alleges that he suffered serious harms arising from the repossession of his vehicle, including the loss of his job, he does not explain what actions Defendant took that are prohibited under the FDCPA. Plaintiff thus fails to state a claim against Defendant for violating his rights under the FDCPA.

**B.     Truth in Lending Act**

The purpose of the TILA is to require creditors to divulge meaningful credit terms to consumers. *McAnaney v. Astoria Fin. Corp.*, 357 F. Supp. 2d 578, 583 (E.D.N.Y. 2005). The TILA requires "lenders to disclose to consumers certain material terms clearly and conspicuously in writing, in a form that consumers may examine and retain for reference." *Cardiello v. The Money Store, Inc.*, No. 00-CV-7332, 2001 WL 604007, at *3 (S.D.N.Y. June 1, 2001) (internal

quotation marks omitted), *aff'd*, 29 F. App'x 780 (2d Cir. Mar. 15, 2002). An auto loan generally is a closed-end credit transaction. The TILA's disclosure requirements for closed-end credit transactions are found in 15 U.S.C. § 1638.[1] Closed-end consumer credit transactions require, for example, accurate disclosure of the finance charge or the consumer's cost of credit, 15 U.S.C. § 1638(a)(3), and disclosure of the total of payments after all scheduled payments have been made by the consumer, 15 U.S.C. § 1638(a)(5).

Plaintiff alleges that Defendant "misled" him and that he was "not provided with full disclosure." (ECF 2 at 5.) It is unclear from these allegations what Defendant did to mislead Plaintiff or what information it failed to disclose. Plaintiff's allegations are thus insufficient to state a claim under the TILA.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

---

[1] A "closed-end credit transaction" is defined as a transaction other than an open-ended consumer credit transaction. 12 C.F.R. § 226.2(a)(10). An open-ended consumer credit transaction is one where the creditor reasonably contemplates repeated transactions; may impose a finance charge from time to time on an outstanding unpaid balance; and allows the extension of credit to the consumer during the term of the plan to the extent that any outstanding balance is repaid. 12 C.F.R. § 226.2(a)(20).

additional facts sufficient to state a valid claim under the FDCPA or the TILA, the Court grants

Plaintiff 60 days' leave to amend his complaint to detail his claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must

provide a short and plain statement of the relevant facts supporting each claim against each

defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff

should include all of the information in the amended complaint that Plaintiff wants the Court to

consider in deciding whether the amended complaint states a claim for relief. That information

should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do,
    the approximate date and time of each event, and the general location where each
    event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory
    relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his

federally protected rights; how, when, and where such violations occurred; and why Plaintiff is

entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wants to include from the original complaint

must be repeated in the amended complaint.

Plaintiff may wish to consider contacting the New York Legal Assistance Group's

(NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free

legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in

civil lawsuits in this court. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently available only by telephone.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-10565 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 3, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

_____

_____

_____

_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

## A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.  If you checked Diversity of Citizenship

### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
             (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name               Middle Initial      Last Name

_____

Street Address

_____

County, City               State          Zip Code

_____

Telephone Number         Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                       State                      Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                       State                      Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                       State                      Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

| Street Address |
|---|

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

# <u>Notice For<br>Pro Se Litigants</u>



As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call <u>212-659-6190</u> and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.

