UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS ROSARIO, JR.,

                Plaintiff,

-against-

SANTANDER CONSUMER USA,

                Defendant.

22 Civ. 10565 (PGG)

**ORDER OF SERVICE**

PAUL G. GARDEPHE, United States District Judge:

        Plaintiff, who is appearing pro se, brings this action under the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601-1667, the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692.  He alleges that Defendant violated his rights in connection with a consumer loan for a vehicle.  By order dated December 15, 2022, the Court granted Plaintiff's request to proceed in forma pauperis (IFP), that is, without prepayment of fees.

## DISCUSSION

        Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1]  Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that a summons issue. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

To allow Plaintiff to effect service on Defendant Santander Consumer USA through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for Defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summons issues, Plaintiff should request an extension of time for service.  See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to complete the USM-285 form with the address for Defendant Santander Consumer USA and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose

of an appeal.  Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:  New York, New York
January 26, 2023

SO ORDERED.

*Paul Gardephe*

Paul G. Gardephe
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Santander Consumer USA
   1601 Elm Street, Suite 800
   Dallas, Texas 75201

3