UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
           :
CARLOS ROSARIO, JR.,          :
          :
         Plaintiff,         :         22-CV-10565 (AS)
          :
     -v-         :         ORDER ADOPTING
          :         REPORT AND
SANTANDER CONSUMER USA,          :         RECOMMENDATION
          :
         Defendant.         :
          :
------------------------------------------------------------------------ X

ARUN SUBRAMANIAN, United States District Judge:

      This case, which was filed on December 12, 2022, was referred to Magistrate Judge Ona T. Wang for general pretrial matters. Dkt. 7. On June 9, 2023, the U.S. Marshals Service gave notice that it was unable to serve Defendant at the address provided by Plaintiff because that office was not occupied. Dkt. 13. On September 11, 2024, Magistrate Judge Wang extended the time for service *sua sponte* and directed Plaintiff to file on the docket, by October 9, 2023, another address for Defendant. Dkt. 14. Plaintiff failed to do so. On February 1, 2024, Magistrate Judge Wang ordered Plaintiff to show cause by February 29, 2024, as to why she shouldn't recommend that this case be dismissed for failure to prosecute. Dkt. 15. Plaintiff failed to do so or to otherwise correspond with the Court. On April 11, 2024, Magistrate Judge Wang filed a Report and Recommendation, recommending that this case be dismissed for failure to prosecute. Dkt. 16.

      In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). But to accept those parts of the report to which no

timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* Dkt. 16 at 1–2. In addition, the Report and Recommendation expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *Id.* Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, the parties have waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. "Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff 'fails to prosecute or to comply with these rules or a court order.'" *Murphy v. Spaulding*, 2022 WL 1063138, at *1 (S.D.N.Y. Mar. 30, 2022) (quoting Fed. R. Civ. P. 41(b)). "Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute *sua sponte*." *Id.*

In deciding whether to dismiss for failure to prosecute, district courts consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *Id.* (quoting *Hardimon v. Westchester County*, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014)). These factors weigh in favor of dismissal here. Plaintiff was ordered to file a new address for serving Defendant by October 9, 2023. Dkt. 14. Seven months have now passed, and Plaintiff has failed to provide a new address or otherwise correspond with the Court in any manner. On February 1, 2024, Plaintiff was warned that the action may be dismissed for failure to prosecute and was ordered to show cause. Dkt. 15. Three months have now gone by and Plaintiff still has not responded or corresponded with the Court. In addition, it has now been about a year-and-a-half since this complaint was filed, but Defendant still has not been served, which could prejudice its ability to effectively litigate this case. Finally, the Court's resources would be wasted in continuing to try to coax Plaintiff to action, and the Court does not find that any lesser sanction would be effective given the Plaintiff's complete and ongoing failure to correspond with the Court.

However, because of the litigant's pro se status and the fact that the inability to serve process may have resulted from office closures caused by the pandemic, the dismissal will be without prejudice. *See Vargas v. Zumiez, Inc.*, 2020 WL 4548085, at *3 (S.D.N.Y. Aug. 5, 2020).

Accordingly, the Report and Recommendation is ADOPTED except that the dismissal will be without prejudice.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: May 16, 2024
       New York, New York

                                        ARUN SUBRAMANIAN
                                        United States District Judge